UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRIER PATTON AND CAMILLE PATTON, § § *Plaintiffs*, § § and § § DAVID A. FETTNER § § *Receiver*, § § v. § § MID-CONTINENT CASUALTY COMPANY, § § *Defendant*. § | CIVIL ACTION H-15-1371 |

# ORDER

Pending before the court is a memorandum and recommendation ("M&R") entered by the Magistrate Judge on June 13, 2016. Dkt. 27. The Magistrate Judge recommends that the court grant defendant Mid-Continent Casualty Company's ("Mid-Continent") motion for judgment on the pleadings (Dkt. 14). *Id.* Grier and Camille Patton and David Fettner (collectively, "Plaintiffs") filed objections to the M&R (Dkt. 28), Mid-Continent filed a response to the objections (Dkt. 29), and Plaintiffs filed a reply (Dkt. 30). After conducting a de novo review of the pleadings, the motion for judgment on the pleadings, and responses to that motion, and after considering the M&R, the objections to the M&R, the response to the objections, and the applicable law, the court is of the opinion that the Magistrate Judge's recommendation should be ADOPTED IN FULL.

## I. BACKGROUND

This is an insurance coverage case. Mid-Continent issued insurance policies to Black Diamond Builders, L.L.P. ("Black Diamond") for the following policy periods: July 7, 2004 through

July 7, 2005 (04-GL-000554256) ("2004 Policy"); July 7, 2005 through July 7, 2006 (04-GL-000596014) ("2005 Policy"); July 7, 2006 through July 7, 2007 (04-GL-000638365) ("2006 Policy"); July 7, 2007 through July 7, 2008 (04-GL-000680691) ("2007 Policy"); and July 7, 2008 through July 7, 2009 (04-GL-000722792) ("2008 Policy"). Dkt. 1-3. These policies, which are substantially similar, covered "sums that [Black Diamond became] obligated to pay as damages because of 'bodily injury' or 'property damage' to which" the policies applied. Dkt. 10, Ex. 1 § 1(1)(a) (coverage section of the commercial general liability coverage form in the 2004 Policy). "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *Id.* § 5 (Definitions). "Property damage" is defined as follows:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*Id.* "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*

The policies applied only to "bodily injur[ies]" or "property damage" if the injuries or damage was caused by an "occurrence" taking place in the "coverage territory," and generally within the policy period. *See id.* § 1(1)(b). The "coverage territory" means the United States, Puerto Rico, and Canada as well as international waters, international airspace, and other parts of the world under certain conditions. *Id.* § 5(4). The policies contained an exclusion for property damage occurring on a "particular part of real property on which [Black Diamond] or any contractors or subcontractors working directly or indirectly on [Black Diamond's] behalf [were] performing operations, if the

'property damage' [arose] out of those operations." *Id.* at MCC 000051 (Residential Contractor Extension A Endorsement). They also contain an exclusion for "'Property damage' to 'your work' arising out of it and included in the 'products-completed operations hazard.'" *Id.* at MCC 000030 (Exclusion - Damage to Work Performed By Subcontrators on Your Behalf Endorsement CG 22 94 10 01). "Your work" is defined in the policies as follows:

> "Your work":
> a. Means:
> (1) Work or operations performed by you or on your behalf; and
> (2) Materials, parts or equipment furnished in connection with such work or operations.
> b. Includes
> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work', and
> (2) The providing of or failure to provide warnings or instructions.

*Id.* § 5(22). "Products-completed operations hazard" is defined as follows:

> "Products-completed operations hazard":
> a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> (1) Products that are still in your physical possession; or
> (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
> (a) When all of the work called for in your contract has been completed.
> (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

3

*Id.* § 5(16).

The Pattons initiated an arbitration claim against Black Diamond in December 2010. Dkt. 1-7, Ex. F, Ex. 1. Black Diamond was the builder or general contractor of the Pattons' house. *Id.* The Pattons alleged that their house was damaged due to significant differential movement of the foundation of the house. *Id.* Black Diamond conceded that the house was damaged but disagreed regarding the method and cost of repair. *Id.* On October 21, 2014, the arbitrator found that both design and construction errors led to the damage to the residence and that Black Diamond's "failure to build the house slab/foundation to the elevation shown on the plans" prevented drainage away from the structure. *Id.* The arbitrator awarded the Pattons $2,935,944.00 in damages plus $4,962.50 for arbitration fees and expenses. *Id.* Black Diamond did not pay. The Pattons filed an action in the 55th Judicial District of Harris County to confirm and enforce the arbitration award. Dkt. 1-7, Ex. F. On January 12, 2015, the state district court judge issued a judgment affirming the award and additionally assessed five-percent post-judgment interest commencing thirty days after the judgment. *Id.*

The Pattons were unable to collect on the judgment and sought assistance from the court that confirmed the arbitration award. Dkt. 1-7, Ex. G (Order for Turnover Relief and Appointment of Receiver). The court found that the Pattons had "made a good faith effort to collect the Judgment but were unsuccessful prior to filing the Application For Turnover After Judgment And For Appointment of Receiver" and that "the nature of the asset pursuit in satisfaction of Judgment has necessitated the appointment of a Receiver to facilitate the collection of the Judgment to which [the Pattons were] legally entitled." *Id.* The court specifically noted that Black Diamond owned the insurance policies at issue in this lawsuit. *Id.* The court appointed David A. Fettner as the receiver. *Id.*

Plaintiffs attempted to collect the judgment from Mid-Continent, which they contend is obligated under the policies to pay the judgment. Dkt. 1-3. Mid-Continent disclaimed liability and refused to pay. *Id.* On April 13, 2015, Plaintiffs filed an original petition in the 269th District Court in Harris County, Texas, against Mid-Continent, to collect the judgment. *Id.* In the petition, Plaintiffs assert the following claims against Mid-Continent: bad faith and unreasonable denial of coverage, breach of contract, and violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *Id.* Plaintiffs contend that the "injury to [their] property includes damage to property which is not the work of Black Diamond, and neither are the damages subject to any other policy exceptions or exclusions." *Id.* Mid-Continent filed a general denial on May 15, 2015. Dkt. 1-9.

Mid-Continent removed the case to this court on May 21, 2015. Dkt. 1. The court referred the case to the Magistrate Judge for full pretrial management on June 18, 2015. Dkt. 7. Mid-Continent filed an amended answer on June 24, 2015, in which it asserts various affirmative defenses, including the defense that the Pattons' losses fall within the "your work" exclusion. Dkt. 10. Mid-Continent filed a motion for judgment on the pleadings on September 22, 2015. Dkt. 14. The Magistrate Judge issued her M&R regarding the motion on June 13, 2016. Dkt. 27. She recommends that the court grant the motion for judgment on the pleadings because the arbitrator's award establishes that the damages awarded were excluded under the policies. *Id.* Plaintiffs timely filed objections to the M&R. Dkt. 28. Mid-Continent has responded to the objections, and Plaintiffs have replied. Dkts. 29, 30.

## II. LEGAL STANDARD

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). "The district judge may

5

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For nondispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### III. OBJECTIONS

Plaintiffs assert the following objections to the Magistrate Judge's M&R: (1) the Magistrate Judge misapplied or misconstrued case law in reaching her conclusion, specifically *Wilshire Insurance Co. and Feaster*; (2) the Magistrate Judge assumed facts not in evidence because she "assumed that independent contractors independently hired and paid directly by the Plaintiffs, as site owners, for whom the work was performed, but then damaged by the general contractor . . ., were subcontractors to the general contractor for Plaintiffs' home construction, or that their work was performed for the benefit of that general contractor; (3) the Magistrate Judge treated the motion for judgment on the pleadings as a motion for summary judgment "upon proof of the matter in controversy" even though it is not an evidentiary proceeding; (4) the Magistrate Judge "mistakenly observed that 'Black Diamond was the homebuilder/general contractor (not just the foundation repairer) whose work was the entire house (not just the foundation)'" when there was "absolutely no such language in the Arbitration Award"; (5) the Magistrate Judge incorrectly determined that the arbitrator omitted discussion of specific damage to work of others when the arbitrator awarded a collective amount including damages to the work of others; and (6) the Magistrate Judge wrongfully accepted the allegations in the defendant's motion as true. Dkt. 28. The court will

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For nondispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### III. OBJECTIONS

Plaintiffs assert the following objections to the Magistrate Judge's M&R: (1) the Magistrate Judge misapplied or misconstrued case law in reaching her conclusion, specifically *Wilshire Insurance Co. and Feaster*; (2) the Magistrate Judge assumed facts not in evidence because she "assumed that independent contractors independently hired and paid directly by the Plaintiffs, as site owners, for whom the work was performed, but then damaged by the general contractor . . ., were subcontractors to the general contractor for Plaintiffs' home construction, or that their work was performed for the benefit of that general contractor; (3) the Magistrate Judge treated the motion for judgment on the pleadings as a motion for summary judgment "upon proof of the matter in controversy" even though it is not an evidentiary proceeding; (4) the Magistrate Judge "mistakenly observed that 'Black Diamond was the homebuilder/general contractor (not just the foundation repairer) whose work was the entire house (not just the foundation)'" when there was "absolutely no such language in the Arbitration Award"; (5) the Magistrate Judge incorrectly determined that the arbitrator omitted discussion of specific damage to work of others when the arbitrator awarded a collective amount including damages to the work of others; and (6) the Magistrate Judge wrongfully accepted the allegations in the defendant's motion as true. Dkt. 28. The court will

address objections (1), (4), and (5) together, since they are intertwined, and then it will discuss objections (2), (3), and (6) separately.

**A.     Objections (1), (4), and (5)**

Objections (1), (4), and (5) all center around whether the Magistrate Judge's reasoning relating to the contents of the arbitration award and the "your work" exclusion in the insurance policies is correct.  Mid-Continent agrees with the Magistrate Judge's determination that the damages awarded by the arbitrator are excluded under the "your work" exclusion, arguing that the arbitration award was "for only the house and nothing else." Dkt. 29 at 2.  It points out that the arbitrator specifically stated that the award was for damage to the residence caused by foundation issues and that those responsible for the pool were not part of the arbitration.  *Id.* at 3.  Plaintiffs concede that "the damage to the pool, constructed by an independent third-party contractor[,] was not within the contemplation of the award [and] was specifically excluded." Dkt. 30 at 2.  However, they state the opposite in the next paragraph, in which they indicate that the arbitrator did not segregate damages to the pool and house structure (implying that the pool is included in the award) and that it is up to this court to determine the amount of the award that should be allocated to the general contractor's damage to the work of others.  *Id.* at 4.  While it is unclear exactly what Plaintiffs are arguing, an examination of the arbitration award clarifies that the arbitrator was not considering the cost of repairs to the pool.

The arbitrator specifically noted that other "design and contracting entities were involved in the building of the residence and pool in question" but they "were involved in companion litigation" and were not involved in the arbitration.  Dkt. 1-7, Ex. F, Ex. 1.  The arbitrator acknowledged that Black Diamond's "actions seriously affected the work of other contractors on the project (including both subcontractors of [Black Diamond], and the separate contractors hired by [the Pattons])." *Id.*

7

However, in discussing the damages he considered, the arbitrator did not discuss the pool at all. He discussed only lifting the *house*. *See* Dkt. 25-1 at 2. He then determined that the costs to "repair *the house* were more than the market value of the *home*" and decided to calculate damage based on the unrepaired value of the home less the value of the underlying land. *Id.* (emphasis added). The fact that he does not discuss the cost or method of repairing the pool at all and specifically states that the pool was being considered in companion litigation makes it clear that the award was for the damage to the house only.

An examination of the cases that Plaintiffs contend the Magistrate Judge misapplied or misconstrued does not change the outcome. In *Wilshire Insurance*, the insurer argued that the "your work" exclusion precluded coverage. *Wilshire Ins. Co. v. RJT Constr., LLC*, 581 F.3d 222, 226 (5th Cir. 2009). The complaint alleged that the insured, a foundation repair subcontractor, worked on the foundation, which was faulty, but not on the walls and ceiling of the house. *Id.* at 227 & n.16. The court noted that the "your work" exclusion did not "preclude coverage for damage to the parts of the house resulting from the allegedly faulty foundation" and ruled that the insurer had a duty to defend. *Id.* In *Feaster*, the insured was a homebuilder. *Feaster v. Mid-Continent Cas. Co.*, No. 13-cv-3220, 2015 WL 164041, at *1 (S.D. Tex. Jan. 13, 2015) (Hoyt, J.). The insured's tiles and walls were cracking and there were defects in the sheet rock, brick mortar, and woodwork. *Id.* The insurer refused to defend the homebuilder under the "your work" exclusion. *Id.* at *1-2. The state court entered a default judgment finding that the homebuilder's negligent work and supervision proximately caused the damages. *Id.* at *2. Like in this case, the homeowners were unsuccessful collecting the judgment and obtained a turnover order that named Fettner as receiver. *Id.* The homeowners and Fettner sued the insurer. *Id.* The case was removed to federal district court, and

the judge granted summary judgment in favor of the insured under the "your work" exclusion. *Id.* at *5-6.

Here, Plaintiffs contend that the damage to the pool that resulted from Black Diamond's work, like the walls and ceilings in *Willshire Insurance*, is not subject to the "your work" exclusion and that this case should proceed so that the court can determine what portion of the arbitrator's award is for the damage to the pool. However, since the award does not include the damage to the pool, it is inconsequential that the "your work" exclusion does not apply to damage to the pool.

**B.     Objection (2)**

Plaintiffs contend that the Magistrate Judge assumed facts not in evidence because she assumed any other contractors were subcontractors of Black Diamond. Dkt. 28 at 5. Plaintiffs point out that the arbitration award specifically states that other design and contracting entities were involved in the building of the residence and pool. *Id.* (citing the award). It is unclear why Plaintiffs believe the Magistrate Judge assumed this, but it is inconsequential because the "your work" exclusion applies to the damages awarded by the arbitrator, which do not include damages to the pool or work performed by other contractors.

**C.     Objection (3)**

Plaintiffs' third objection is that the Magistrate Judge treated this motion as a motion for summary judgment and looked at the documents attached to the pleadings as evidence. *Id.* at 6–7. Plaintiffs note that they should not have been required to muster evidence at this stage. *Id.* at 7. The court agrees that a motion for judgment on the pleadings relates only to the pleadings and not evidence. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (setting forth the standards for evaluating a motion under Federal Rule of Civil Procedure 12(b)(6)); *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (noting that the same standards govern both motions

to dismiss on the pleadings (Rule 12(c)) and motions to dismiss for failure to state a claim (Rule 12(b)(6))). However, the Magistrate Judge neither relied upon nor required extrinsic evidence to reach her conclusions. Instead, she considered only the pleadings, which include the policies at issue, and the underlying judgment. These documents make clear that no evidence will enable Plaintiffs to establish that Mid-Continent is liable for the damages contained in the arbitration award.

**D.     Objection (6)**

Plaintiffs' final objection is that the Magistrate Judge wrongfully accepted the allegations in the defendant's motion as true. Dkt. 28 at 9–10. They point out that the M&R includes language about what the arbitration award "reflects," which they contend is an improper inference in favor of the defendant. *Id.* at 10. The court disagrees. The arbitration award speaks for itself. Construing it to read that the damages awarded include damages to the pool is not a plausible construction. *See Iqbal*, 556 U.S. at 678 (requiring a complaint to contain sufficient factual matter that, accepted as true, states a claim that is "plausible on its face").

## IV. CONCLUSION

Plaintiffs objections are OVERRULED. The M&R (Dkt. 27) is ADOPTED IN FULL. Mid-Continent's motion for judgment on the pleadings (Dkt. 14) is GRANTED, and the Pattons' claims are DISMISSED WITH PREJUDICE. A final judgment will be issued concurrently with this order.

Signed at Houston, Texas on July 19, 2016.

_____
Gray H. Miller
United States District Judge